JS-6

1  **LAW OFFICES OF STUART E. FAGAN**
   STUART E. FAGAN, State Bar No. 152732
2  P.O. Box 503741
   San Diego, California 92150-3741
3  Telephone: (858) 220-9601
   Facsimile: (858) 676-5339
4  Email: fairhousinglawyer@sbcglobal.net

5  Attorneys for Plaintiffs Chris Self
   and Adriana Self

```
FILED
CLERK, U.S. DISTRICT COURT

APR -2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS SELF and ADRIANA SELF, ) | No. 2:13-CV-9346-PA(AJWx) |
| Plaintiffs, ) | CONSENT ORDER AND SETTLEMENT AGREEMENT |
| v. ) | |
| FRANK STIMPSON and CHRISTEL ) STIMPSON, ) | |
| Defendants. ) | NOTE CHANGES MADE BY THE COURT. |

## I.

## __INTRODUCTION__

1.     Plaintiffs Chris Self and Adriana Self ("Plaintiffs") filed a Complaint alleging violations of the Fair Housing Act of 1968 as amended, 42 U.S.C. §3601 *et seq*. and related federal and state claims.  Named as defendants in this action were Frank Stimpson and Christel Stimpson ("Defendants").  This Consent Order and Settlement Agreement ("Consent Order") is entered into by all Plaintiffs and by all Defendants.

1

2.      The Complaint alleges that Defendants subjected Plaintiffs to unlawful, discriminatory rules and disparate treatment based on familial status at the apartment complex comprised of approximately 20 units, which are located at 1723 Camino De La Costa and 107 Vista Del Mar, in the City of Redondo Beach, California (the "Subject Rental Premises").

3.      The Complaint alleges discrimination against Plaintiffs in the terms, conditions, or privileges of rental of a dwelling because of familial status in violation of 42 U.S.C. § 3604(b); statements of preference, discrimination, or limitation on the basis of familial status in connection with the rental of dwellings, in violation of 42 U.S.C. § 3604(c); and that Defendants coerced, intimidated, threatened, or interfered with Plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. §3617.  The Defendants have at all times denied Plaintiffs' claims of discrimination, and both the Defendants and Plaintiffs recognize the ultimate result of this litigation cannot be predicted with certainty.  Moreover, these parties recognize that continuation of the litigation would involve substantial additional legal fees and costs.

4.      The parties agree that, in order to avoid costly and protracted litigation, the claims against Defendants should be resolved without further proceedings.  Therefore, as indicated by the signatures appearing below, the parties agree to the entry of this Consent Order.  This Consent Order constitutes full resolution of Plaintiffs' claims that Defendants discriminated against Plaintiffs on the basis of familial status.

It is hereby ORDERED, ADJUDGED, AND DECREED:

## II.
## GENERAL INJUNCTION

5.    Defendants, their officers, employees, agents, successors and assigns, and all other persons in active concert or participation with them are enjoined from:

A.    Refusing to rent after the making of a bona fide offer,

or refusing to negotiate for the rental of, or otherwise

making unavailable or denying, a dwelling to any

person because of familial status in violation of 42

U.S.C. §3604(a);

B.    Discriminating against any renter in the terms, conditions or

privileges of rental of a dwelling because of familial status in

violation of 42 U.S.C. § 3604(b);

C.    Making, printing or publishing, or causing to be made,

printed or published, any notice, statement or

advertisement, with respect to the rental of a dwelling

that indicates a preference, limitation, or discrimination,

or an intent to make such a preference, limitation or

discrimination, based on familial status in violation of

42 U.S.C. § 3604(c);

D.     Coercing, intimidating, threatening or interfering with

any person in the exercise or enjoyment of, or on

account of his/her having exercised or enjoyed, or on

account of his/her having aided and encouraged any

other person in the exercise or enjoyment of, any right

granted by the Act, including, but not limited to, filing

federal or state court actions against such persons as a

result of their participation in this action.


### III.
### <u>DAMAGES FOR AGGRIEVED PERSONS</u>

6.     Within ten (10) days of Defendants' receipt of the entry of this Order,

Defendants shall pay to Plaintiffs $50,000 ("Fifty Thousand Dollars) for personal injury

damages and attorney's fees and costs, in the form of a single-payee check made

payable to the Attorney Client Trust Account of Law Offices of Stuart E. Fagan.

Within 20 days of Plaintiffs' receipt of the aforementioned check, counsel for Plaintiffs

shall send to Defendants an executed Stipulation of Dismissal of the above-entitled

action with prejudice as against all Defendants. The Stipulation of Dismissal is attached as Appendix A.

## IV.

## PUBLIC NOTICE OF NONDISCRIMINATION POLICY

7.      Within ten (10) days of the date of entry of this Order and throughout the term of this Order, Defendants shall post and prominently display at the Subject Rental Premises a sign no smaller than 10 inches by 14 inches indicating that all dwellings are available for rental on a nondiscriminatory basis. A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

8.      Within ten (10) days of the date of entry of this Order and throughout the term of this Order, Defendants shall ensure that all advertising for the Subject Rental Premises in newspapers, telephone directories, radio, television, the Internet, or other media, and on signs, pamphlets, brochures and other promotional literature, include a fair housing logo, the words "equal housing opportunity provider," and/or the following sentence:

5

"We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status or disability."

The words or logo should be prominently placed and easily legible.

9. Within thirty (30) days of the entry of this Order, Defendants shall provide to all employees and tenants of the Subject Rental Property a written notice, conforming with that at Appendix B, describing Defendants' policy of nondiscrimination. Defendants shall also provide this policy to all prospective tenants at the time of application.

## V.

## TRAINING

10. Within thirty (30) days of the entry of this Order, Defendants shall provide a copy of this Order to all their agents and employees whose duties, in whole or in part, involve the management or administration of the Subject Rental Property and shall secure the signed statement from each agent or employee acknowledging that he or she has received, read, and understands the Order and nondiscrimination policy, and has

had an opportunity to have questions about the Order and nondiscrimination policy answered. This statement shall be substantially in the form of Appendix C.

11. During the term of this Order, each new employee or agent whose duties, in whole or in part, involve the management or administration of the Subject Rental Property shall be given a copy of this Order and be required to sign a statement substantially in the form of Appendix C.

12. Within ninety (90) days of the date of entry of this Consent Order, Defendants, by and through their manager for the Subject Rental Premises, Dorothy Stimpson, shall take and complete a course on the elimination of housing discrimination with Fair Housing Foundation, Housing Rights Center, Inland Mediation Services, or another approved fair housing agency approved by Plaintiffs' counsel of record. The course shall be at least four (4) hours in duration and shall include but not be limited to: (1) instruction on the requirements of all applicable fair housing laws, including the Fair Housing Act of 1968, as amended, (2) a review of the Defendants' nondiscrimination policies, (3) a discussion of the business advantages of serving all customers on a nondiscriminatory basis, and (4) a question-and-answer session for purposes of reviewing these areas. Those who attend the training shall be required to sign a certification confirming their attendance, in a form substantially equivalent to

7

Appendix D.

13.     Within thirty (30) days of the entry of this Order, Defendants, at their sole

expense, shall permit Fair Housing Foundation, Housing Rights Center, Inland

Mediation Services, or another fair housing agency approved by Plaintiffs' counsel of

record, to review Defendants' current rules and regulations for Subject Rental Premises

to assure its compliance with applicable fair housing laws.  To the extent that the fair

housing agency determines that Defendants' rules and regulations are not in compliance

with applicable fair housing laws, then Defendants must modify said rules and

regulations to comply with applicable fair housing laws within 30 days of being so

notified.  Within ninety (90) days of the effective date of this Consent Order,

Defendants shall provide Plaintiffs' counsel with a copy of the written rules and

regulations for the Subject Rental Premises that have been approved by the applicable

fair housing agency.

## VI.

## __FENCE FOR SWIMMING POOL__

14.     Within ninety (90) days of the entry of this Order, Defendants shall

enclose the  swimming pool at the Subject Rental Premises by installing a fence, in

which the top of the fence is at least 48 inches above grade measured on the side of the

fence which faces away from the swimming pool, with a maximum vertical clearance

between the grade and the bottom of the barrier of 4 inches, and openings in the fence

shall not allow passage of a 4-inch diameter sphere.  In addition, a self-closing, self-

latching access gate will be installed, which opens outward, away from the pool, and

the latching device will be located at least 54 inches from the bottom of the gate.

## VII.

## __REPORTING AND RECORD-KEEPING REQUIREMENTS__

15.     Within thirty (30) days of the entry of this Order, and thereafter on the

anniversary of the entry of this Order, Defendants shall submit to Plaintiffs' counsel the

signed statement of each agent and employee referred to in Paragraphs Nos. 10-12.

16.     Within thirty (30) days after the training required by Paragraph No. 12, above, Defendants shall provide to Plaintiffs' counsel: the name(s), address(es) and telephone number(s) of the trainer(s); and the certifications required by Paragraph No. 12 executed by all Defendants and covered employees and agents confirming their attendance, in a form substantially equivalent to Appendix D.

## VIII.

## **MUTUAL RELEASE**

17.     Plaintiffs and Defendants understand and expressly agree that this Agreement shall act as a release of any future claims each may have against the other that may arise from any of the above-mentioned facts, whether such claims are currently known, unknown, foreseen, unforeseen, alleged or which could have been alleged, and that rights under California Civil Code §1542 are hereby expressly waived. California Civil Code §1542 provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

# IX.

## DURATION OF ORDER AND TERMINATION OF LEGAL ACTION

18. ~~The Court shall retain jurisdiction for three years after the date of entry of this Order to enforce the terms of the Order, after which time the case shall be dismissed with prejudice.~~

19. The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event of a failure by Defendants to perform in a timely manner any act required by this Order or otherwise to act in violation of any provision thereof, Plaintiffs' counsel may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorney's fees which may have been occasioned by the violation or failure to perform.

# X.

## **TIME FOR PERFORMANCE**

20.    Any time limits for performance imposed by this Consent Order may be extended by the  mutual agreement of Plaintiffs and Defendants.


**IN WITNESS**, each of the undersigned has executed this Consent Order on the date given opposite each Party's signature.


Dated: March _10_ , 2014              By:_____
                                          Chris Self


Dated: March _10_ , 2014              By:_____
                                          Adriana Self


Dated: March ____, 2014              By:_____
                                          Frank Stimpson


Dated: March ____, 2014              By:_____
                                          Christel Stimpson

12

# X.

## <u>TIME FOR PERFORMANCE</u>

20.    Any time limits for performance imposed by this Consent Order may be extended by the  mutual agreement of Plaintiffs and Defendants.


**IN WITNESS**, each of the undersigned has executed this Consent Order on the date given opposite each Party's signature.


Dated: March _____, 2014          By:_____
                                           Chris Self


Dated: March _____, 2014          By:_____
                                           Adriana Self


Dated: March _2 3_, 2014          By: _Frank Stimpson_
                                           Frank Stimpson


Dated: March _2 3_, 2014          By: _Christel Stimpson_
                                           Christel Stimpson

READ AND APPROVED AS TO FORM AND CONTENT

Dated: 3-21-14

LAW OFFICES OF
STUART E. FAGAN

By: _____
Stuart E. Fagan
Attorneys for Plaintiffs

Dated: 3-25-14

HANGER, STEINBERG,
SHAPIRO & ASH

By: _____
Jody Steinberg
Attorneys for Defendants

**IT IS SO ORDERED**:

This 2nd day of April , 2014.

_____
United States District Judge

This Court declines to retain jurisdiction to enforce the agreement.  This action is
dismissed without prejudice to either party seeking to re-open the case within the
21 days for the purpose of enforcing the settlement.  At the conclusion of the 21-day
period the clerk is ordered to dismiss this action with prejudice.

13

# APPENDIX A

IT IS HEREBY STIPULATED by and between the parties hereto, through their

respective counsel, that Plaintiffs Chris Self and Adriana Self may dismiss the above-

entitled action with prejudice as against all defendants.

Dated: _____

LAW OFFICES OF
STUART E. FAGAN


By:_____
      Stuart E. Fagan
Attorneys for Plaintiffs

Dated: ____3 - 26 - 14____

HANGER, STEINBERG, SHAPIRO
& ASH


By:_____
      Jody Steinberg
Attorneys for Defendants

14

# APPENDIX B
## NONDISCRIMINATION POLICY

It is our policy to comply with Title VIII of the Civil Rights Act of 1968 (commonly known as the Fair Housing Act) by ensuring that spaces are available to all persons without regard to race, color, religion, national origin, disability, familial status, or sex. This policy means, among other things, that all of our agents or employees, with the responsibility for renting, managing, or administering any spaces, must not discriminate on the basis of familial status in any aspect of the rental of spaces to qualified applicants or tenants. Such agents and employees must refrain from:

A. Refusing to rent after the making of a bona fide offer, or refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of familial status in violation of 42 U.S.C. §3604(a);

B. Discriminating against any renter in the terms, conditions or privileges of rental of a dwelling because of familial status in violation of 42 U.S.C. §3604(b);

C. Making, printing or publishing, or causing to be made, printed or published, any notice, statement or advertisement, with respect to the rental of a space that indicates a preference, limitation, or discrimination, or an intent to make such a preference, limitation or discrimination, based on familial status in violation of 42 U.S.C. § 3604(c);

D. Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his/her having exercised or enjoyed, or on account of his/her having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the Act, including, but not limited to, filing federal or state court actions against such persons as a result of their participation in this action in violation of 42 U.S.C. §3617.

Any agent or employee who fails to comply with this nondiscrimination policy will be subject to appropriate disciplinary action which may include termination and/or eviction. Any action taken by an agent or employee that results in the unequal service, treatment, or behavior to tenants on the basis of familial status may constitute a violation of state and federal fair housing laws. Any tenant who believes that any of the above policies has been violated by any owner, agent, or employee may contact the U.S. Department of Housing and Urban Development at 1-800-669-9777 or the U.S. Department of Justice at 1-800-896-7743 or 202-514-4713.

# APPENDIX C

## EMPLOYEE ACKNOWLEDGMENT

On _____, 201___, I, _____, was instructed by

_____ with respect to my responsibilities under the Consent Order entered by the United States District Court, Central District of California, in the case of *Self v. Stimpson*, Case No. 2:13-CV-9346-PA(AJWx), and the federal Fair Housing Act. I was also instructed as to Frank and Christel Stimpsons' rental policies and procedures. I have received copies of and have read the Consent Order and the nondiscrimination policy. I understand my legal responsibilities and will comply with those responsibilities.

_____
Signature
Job Title:_____

16

**APPENDIX D**

**EMPLOYEE CERTIFICATION**

On _____ , 201__, I, _____ ,

was instructed by _____ with respect to my

responsibilities under the Fair Housing Act. I understand my legal responsibilities and

will comply with those responsibilities.


_____

Signature

Job Title: _____

17